# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **ORDER OF DETENTION** |
| V. | **PENDING TRIAL** |
| **DELANO PIERRE BEST** | Case Number: 1;13-CR-180 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

    ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

    ☐ an offense for which the maximum sentence is life imprisonment or death.

    ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
    _____

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

## Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

    ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is charged with threatening to bomb a building. Defendant had no permanent residence prior to his arrest, and no family ties in this area. He states he can live with his present girlfriend whose father he met while in jail. Defendant has never been married and has no children.

Defendant has a history of mental health issues, and certainly has a issue with anger management. His criminal history goes back to 2001, when he was convicted of arson. He was placed on probation, but the probation was revoked and he was sentenced to the illinois Dept. of Corrections for 3 years. (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that

no condition or combination of conditions will assure the safety of the community or the safety of defendant's ex-girlfriend based on the defendant's ongoing record of misbehavior, his failures to appear and/or absconding, and his inability to control his anger which continues up to this very day, coupled with the lack of any meaningful restraints in terms of any ties to the community or persons in the community.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: October 18, 2013

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Sectlon 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

Defendant was convicted of arson again in 2004, and he was charged again with arson in 2006 in Illinois, but the circumstances of the latter charge are unknown.

There is presently a warrant outstanding in Illinois charging defendant with failure to appear. This warrant was issued on March 6, 2012, in an attempt to clean up seven different charges occurring during 2010 and 2011 that he had not dealt with, after he absconded from a mental health court program in March 2012. Another warrant for failure to appear was issued the following day, on March 7, 2012.

It appears defendant moved to Bangor, MI, in 2013, where he quickly picked up three new charges. A charge of assault in January was dismissed, but in July he was convicted of breaking and entering, domestic assault, and resisting and obstructing a police officer when he attempted to flee upon being arrested. After a 40-day jail sentence, defendant was placed on probation, and referred for anger management classes on July 24, 2013, but the current charges of making four separate threatening telephone calls occurred on September 5, 2013, while he was on probation, and a warrant was issued for his arrest. Defendant's probation was revoked and he was sentenced to jail. The telephone calls were to his ex-girlfriend and were described as increasingly violent in nature. Defendant admitted making the telephone calls.

**Part II - Written Statement of Reasons for Detention** - (continued)